# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

MARK CALESTINI,

        Plaintiff,

        v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Defendant.

CIVIL ACTION NO. 3:19-cv-01995

(SAPORITO, M.J.)

## **MEMORANDUM**

This is a diversity action by an insured against his automobile insurer for breach of contract.[1]  This action was commenced by the filing of a complaint in the Court of Common Pleas of Pike County, Pennsylvania, on October 21, 2019.  Thereafter, the defendant, State Farm Mutual Automobile Insurance Company ("State Farm") timely removed this case to this court. (Doc. 1).  This matter was assigned to the undersigned United States magistrate judge upon consent of the parties.  State Farm has moved for summary judgment.  (Doc. 27).  State Farm

---

[1]    Pursuant to a stipulation to amend complaint (Doc. 5), the court dismissed a bad faith count without prejudice.

has filed its statement of material facts and brief in support of the motion. (Doc. 29; Doc. 28). The plaintiff has filed an answer to statement of material facts and brief in opposition to the motion. (Doc. 33; Doc. 32). For the reasons set forth below, we will deny the motion.

## I.     *Statement of Facts*

On December 11, 2018, the plaintiff was a passenger in a vehicle owned by Elizbeth Cotterill and operated by Henry Cotterill in Middletown, New York. The vehicle was stopped in traffic when it was struck in the rear by an unidentified vehicle operated by another driver. At the time of the accident, the plaintiff-passenger was insured under a policy of automobile insurance issued by State Farm. The policy provided for uninsured motorist coverage.[2]

Following the impact, Henry Cotteril exited the vehicle and spoke briefly with the driver of the unidentified vehicle. Neither Mr. Cotteril nor the plaintiff called or notified the police of the accident.

---

[2] By virtue of being a passenger in the vehicle owned by Elizabeth Cotteril, the plaintiff was insured under a second policy of insurance issued by State Farm to Elizabeth Cotterill. The State Farm policy insuring Elizabeth Cotteril also provided uninsured motorist coverage.

Within six days of the accident, the plaintiff appeared at the Douglas Dillmuth Insurance Agency and spoke with Noelle Ross Sherer, a licensed insurance agent, who works for the Dillmuth Agency. During that conversation, the plaintiff discussed his first party medical coverage with Ms. Scherer and the parties dispute whether there were discussions concerning other insurance coverages. In his answer to the defendant's statement of material facts, the plaintiff contends that Ms. Sherer told him he did not need to report the accident to the police because he had reported the accident to her as his insurance agent in accordance with their past practice. (Doc. 33 ¶ 16). The plaintiff further maintains that Ms. Sherer indicated that she would take care of "everything from that point." (*Id.*).

On the issue whether a conversation took place between plaintiff and Ms. Scherer about notification to the police, State Farm contends that Ms. Scherer does not recall ever discussing with the plaintiff whether he needed to report the accident to any police agency. (Doc. 29, ¶ 21).

In a letter dated September 5, 2019, State Farm's then-counsel, notified the plaintiff's counsel that "[s]ince your client did not report the subject automobile accident to the police within thirty (30) days of the

accident[,] it does not appear that your client has a legally cognizable uninsured motorists benefits claim." (Doc. 29-2, at 90). In that letter, State Farm's counsel referenced a letter from plaintiff's counsel dated March 27, 2019, to the Middletown Police Department, which was "an effort to report the auto accident which allegedly occurred on December 11, 2018."[3] (*Id.*) Nevertheless, it is undisputed that neither the plaintiff nor the owner or operator of the vehicle notified the police or other governmental authority within thirty days of the accident.

## II.   *Legal Standards*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party."

---

[3]   The March 27, 2019, letter from plaintiff's counsel to the Middletown Police Department is not among the submissions of the parties for our consideration. Nevertheless, State Farm acknowledges that the police were notified of the accident, albeit late.

*Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251–52. Thus, in evaluating a motion for summary judgment, the Court must first determine if the moving party has made a *prima facie* showing that it is entitled to summary judgment. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Only once that *prima facie* showing has been made does the burden shift to the nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

Both parties may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Although evidence may be considered in a *form* which is inadmissible at trial, the *content* of the evidence must be capable of admission at trial." *Bender v. Norfolk S. Corp.*, 994 F. Supp. 2d 593, 599 (M.D. Pa. 2014); *see also Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that it is not proper, on summary judgment, to consider evidence that is not admissible at trial).

## III.   *Discussion*

We are asked to decide whether an injured-insured may pursue an uninsured motorist benefits claim against his automobile insurance carrier where he notified the carrier within thirty days of the date of an

6

accident involving an unidentified vehicle, but notified the police more than 30 days after the accident.

The Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") defines "Uninsured Motor Vehicle" as

> [a]n unidentified motor vehicle that causes an accident resulting in injury provided the accident is reported to the police or proper governmental authority and the claimant notifies his insurer within thirty days, *or as soon practicable thereafter*, that the claimant or his legal representative has a legal action arising out of the accident.

75 Pa. Cons. Stat. Ann. § 1702 (emphasis added).[4]

Although the statutory definition clearly requires notice to the police or proper governmental authority, it does not detail a consequence for untimely notice to the police.  The cases interpreting this section observed that Section 1702's police notification requirement advances the policy of keeping automobile insurance affordable to the public by minimizing fraudulent claims "and the attempted recovery of benefits in cases where accidents were alleged to have been caused by 'phantom' vehicles." *State Farm Mut. Auto. Ins. Co. v. Foster*, 889 A.2d 78, 81 (Pa.

---

[4]    The subject insurance policy has not been submitted for our review. The policy may contain the same or different notice requirements.

2005) (quoting *Jackson v. Pennsylvania Fin. Responsibility Assigned Claims Plan*, 575 A.2d 626, 628 n.2 (Pa. Super. Ct. 1990).

State Farm relies upon the plurality opinion in *Foster* for its holding that an insured's failure to notify the police of an accident involving an unidentified motor vehicle barred a claim for uninsured motorists benefits.[5]   State Farm also relies upon *Pilidis v. Allstate Property & Casualty Insurance Co.*, No. CV 14-3929, 2014 WL 12617596 (E.D. Pa. Dec. 29, 2014), and *Insurance Corporation of Hanover v. Heavens*, No. CV 07-1520, 2008 WL 11512220 (E.D. Pa. Jan. 16, 2008), where policyholders' uninsured motorist claims were barred for failure to report their accidents to the police.   In this case, however, State Farm has acknowledged that plaintiff's counsel notified the Middletown Police Department of the accident, albeit beyond the 30-day time frame set forth

---

[5]   It is important to note that no rationale set forth by the Supreme Court in *Foster* received the votes of a majority of the justices.   Justice Nigro did not participate in the decision of the case, and the lead opinion only gathered the votes of three justices.   Two justices dissented, and Justice Saylor filed a separate concurring opinion noting that he differed from the lead opinion's discussion on two important points, including this very issue.

Nevertheless, five years later, a majority of the justices appeared to have approved of the *Foster* analysis, albeit in a different context.   *See Vanderhoff v. Harleysville Ins. Co.,* 997 A.2d 328, 334 (Pa. 2010).

in the MVFRL. (Doc. 28, at 4; Doc. 29 ¶ 26; Doc. 29-2, at 90).  Neither the MVFRL, nor the cases interpreting it, immediately bar a claim if notice to the police is not given within 30 days.  Rather, the MVFRL states that notice must be given to the police within 30 days "or as soon as practicable thereafter."  75 Pa. Const. Stat. Ann. § 1702.  Here, based upon the evidence of record, we cannot conclude, as a matter of law, that notifying police 106 days after the date of the accident was not "as soon as practicable thereafter."  A reasonable jury could conclude otherwise, particularly in light of evidence such as: the plaintiff was a patient of a psychiatrist;  the plaintiff has a bipolar condition; he has a diagnosis of dyspraxia; he has a speech and learning disability; he has anxiety; and he relied upon his perceived interpretation from his in-person visit with Ms. Scherer that there was nothing further for him to do. (Doc. 29-2, at 20, 24-25, 68-69).

The plaintiff relies upon *Vanderhoff* in support of his contention that an insurer must prove prejudice in order to properly deny a claim for uninsured motorist benefits.  (Doc. 32, at 9).  *Vanderhoff* held that proof of prejudice is required where notice was not provided *to the*

*insurance carrier*.[6]  997 A.2d at 335. Thus, we find *Vanderhoff* inapposite. Here, notice was timely given to State Farm *and* notice was given to the police, albeit beyond the 30-day notice requirement.  Thus, we find that a genuine dispute exists as to whether the plaintiff's notice of the accident to the Middletown Police Department was made "as soon as practicable" after the 30-day notice requirement.  This is consistent with *Jackson* which held that "an unidentified vehicle can qualify as an insured vehicle only if an accident involving the unidentified vehicle has been reported to the police within thirty (30) days, or as soon thereafter as practical." 575 A.2d at 628.  On this basis, we will deny State Farm's motion.

An appropriate order follows.

<u>**s/Joseph F. Saporito, Jr.**</u>
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated:  April 13, 2021

---

[6]    In *Vanderhoff,* the police were notified of and investigated the accident, but the police report did not contain any reference to a "phantom vehicle."  997 A.2d at 330.  Further, the police officer testified that neither driver initially reported the involvement of a phantom vehicle, but the plaintiff later requested that the police report be amended to include the phantom vehicle. That request was denied. *Id*. at 331.